**Dated: June 20, 2023**

**The following is ORDERED:**



*Paul R. Thomas*
PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

**DONNA LEA SCOTT,**                         Case No. 22-80626-PRT
                                                 Chapter 7
       **Debtor.**

**DONNA LEA SCOTT**
       **Plaintiff,**

v.                                                    Adv. Case No. 23-8008-PRT

**CADLE COMPANY II, INC.** *dba*
**CADLE COMPANY & CADLE**
**COMPANY INC.**
       **Defendant.**

## ORDER OF DISMISSAL

Before the Court is Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (6),

(Docket No. 11)[1], Plaintiff's Objection (Docket No. 20) and Defendant's Reply Brief (Docket No. 21). The Court held a hearing on this matter on May 17, 2023, attended by Mark Petrich, counsel for Defendant, and Charles Greenough, Chapter 7 Trustee. Plaintiff did not appear, nor did she seek to be excused from attending. After review of the parties' pleadings and applicable law, the Court finds that Defendant's Motion should be granted, and this case should be dismissed.

**Background**

Plaintiff filed a chapter 13 bankruptcy case on November 10, 2022.[2] Five days later, the Chapter 13 Trustee filed a motion to convert to Chapter 7, alleging Plaintiff committed perjury in answering certain questions in her bankruptcy petition.[3] The Court granted the Trustee's motion and converted Plaintiff's case to chapter 7 on November 30, 2022.[4] Mr. Greenough was then appointed to serve as Chapter 7 Trustee ("Trustee") for her case and the bankruptcy estate.[5]

Plaintiff filed this adversary case on March 8, 2023,[6] and filed an Amended Complaint on March 16, 2023.[7] She alleges that in 2010 her husband, Jerry Ramer ("Ramer"), applied for a short-term loan for $880,022 from First National Bank of Davis, Oklahoma ("Bank"), secured by marital property.[8] Plaintiff alleges that Ramer's application was not approved, and no funds were ever transferred to him. She alleges that the Bank's president, Dub Moore, received these funds as part

---

[1] Defendant's original Motion sought dismissal and sanctions against Plaintiff and attorneys alleged to have assisted her. The Court struck the request for sanctions as violative of Local Rule 9004-1(G), therefore that request is not before the Court.
[2] Case No. 22-80626, Docket No. 1.
[3] Case No. 22-80626, Docket No. 9.
[4] Case No. 22-80626, Docket No. 22.
[5] Case No. 22-80626, Docket No. 23.
[6] Docket No. 1.
[7] Docket No. 8.
[8] Jerry Ramer filed two bankruptcy cases in this district: 1) Case No. 20-80931, chapter 11, filed September 28, 2020; and 2) Case No. 22-80346, chapter 13. In both cases, he identifies Plaintiff, Donna Scott, as his girlfriend.

of his scheme to defraud the Bank, for which he was convicted, sentenced and ordered to pay restitution of $14,698,660.98. However, the Bank's records reflected that Ramer did have a loan secured by a mortgage on three tracts of land and had defaulted on this loan. The Bank was declared insolvent, and the FDIC became the receiver of the Bank. The FDIC assigned Ramer's loan and mortgage to Defendant. Plaintiff further alleges that Defendant became the collection agent of this "aborted loan," knowing that Ramer never received any loan proceeds and that Plaintiff's and Ramer's real property offered as security for the loan was never properly encumbered. Nevertheless, Defendant negligently, willfully, and maliciously pursued collection of this loan from Ramer and Plaintiff, through deceit, fraud, conversion, and theft, and in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiff seeks actual damages of $3,745,000, punitive and exemplary damages, interest, attorney fees and costs, a return of the real property from Defendant, and injunctive relief.

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b). Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant first argues that Plaintiff lacks standing to bring her claims because they are based upon pre-petition conduct. These claims are property of the bankruptcy estate which must be brought by the Trustee. *See* 11 U.S.C. § 541. Second, Defendant argues that this Court lacks subject matter jurisdiction since Plaintiff's causes of action are barred by the *Rooker-Feldman* doctrine. Defendant cites a 2018 state court foreclosure judgment against Ramer in personam and in rem, and against Plaintiff in rem, which resulted in the sale of the mortgaged properties as well as a deficiency judgment against Ramer. Defendant also argues that because Plaintiff was not a party to Ramer's note and mortgage, nor a debtor to Defendant for purposes of the Fair Debt Collection

Practices Act, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, which requires dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

Trustee Greenough filed an Interim Report (Docket No. 64) on January 26, 2023, in which he lists several potential claims against Defendant as property of the estate. Neither his Interim Report nor the record in the main bankruptcy case reflect that he has formally abandoned these potential claims against Defendant. The Trustee reported to the Court that he had been asked to join in this adversary case with Plaintiff against Defendant but has declined to do so. He advised this Court that should he choose to pursue a claim against Defendant it will be as a separate adversary case, not as a party with Plaintiff.

**Standard of Decision**

Federal courts are courts of limited jurisdiction and a party seeking to invoke federal jurisdiction bears the burden of proving that jurisdiction.[9] Standing to sue is a threshold jurisdictional issue that may properly be raised by a motion for dismissal under Fed. R. Civ. P. 12(b)(1).[10] The *Rooker-Feldman* doctrine may also be raised as a challenge to this Court's jurisdiction by Rule 12(b)(1) motion. That doctrine states that a federal court, other than the United States Supreme Court, lacks subject matter jurisdiction to review judgments of state courts where a claim is inextricably intertwined with issues raised in the state court proceedings.[11] Defendant's Motion raises a facial attack on jurisdiction as it focuses on the allegations contained in Plaintiff's Amended Complaint rather than additional affidavits, documents or an evidentiary hearing.[12] Once

---

[9] *Burton v. United States,* 559 Fed. App'x. 780, 781 (10th Cir. 2014).
[10] *Nat'l Wastewater Sys. Inc. v. Smith,* 2011 WL 1667478 *1 (W.D. Okla. May 3, 2011) (citing *Wilderness Soc'y v. Kane Cty.,* 632 F.3d 1162, 1168 (10th Cir. 2011); *Colorado Environmental Coalition v. Wenker,* 353 F.3d 1221, 1227 (10th Cir. 2004)).
[11] *Gray v. Nussbeck (In re Gray),* 573 B.R. 868, 875 (Bankr. D. Kan. 2017) (citing *In re Miller*, 666 F.3d 1255, 1261 (10th Cir. 2012)).
[12] *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 877-78 (10th Cir. 2017).

subject matter jurisdiction is challenged under Rule 12(b)(1), the burden shifts to Plaintiff to present affidavits or other evidence in addition to the allegations in her Amended Complaint sufficient to establish the Court's subject matter jurisdiction.[13]

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint itself to ensure that it contains sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face.[14]

**Analysis**

Where a motion to dismiss under Rule 12(b) is based on more than one ground, a court should consider the Rule 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the court.[15]

When a bankruptcy case is filed, a bankruptcy estate is created which consists of all property that will be subject to the jurisdiction of the bankruptcy court. Section 541(a)(1) of the Bankruptcy Code defines the scope of the bankruptcy estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." This definition is very broad, and includes all kinds of property, including causes of action the debtor may have against others which exist as of the filing of the case. The bankruptcy trustee is the representative of the bankruptcy estate and has the capacity to sue and be sued on behalf of the estate, pursuant to §323 of the Bankruptcy Code. "In the context of bankruptcy proceedings, it is well understood that a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with

---

[13] *Southway v. Cent. Bank of Nigeria*, 328 F.3d 1267, 1274 (10th Cir. 2003).
[14] Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).
[15] 5B Charles Wright, et al, *Federal Practice and Procedure* § 1350 (3d ed. 2023).

standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed."[16]

The causes of action alleged in the Amended Complaint arose prior to the commencement of Plaintiff's bankruptcy case and are clearly property of the bankruptcy estate. All events referenced by Plaintiff in her Amended Complaint took place prior to November 10, 2022, the day she filed her bankruptcy case. Although Plaintiff claims she did not learn of some of Defendant's actions until after she filed this case, the acts themselves took place pre-petition. Plaintiff's allegations relate to Ramer's 2010 loan and mortgage which she believes was never approved. All alleged fraudulent conduct by Defendant began when it purchased Ramer's note and mortgage in 2017. Thereafter, it is alleged that Defendant pressured Plaintiff and Ramer to make payments to Defendant despite knowing of the "bogus nature of the claim." Plaintiff does not include specific dates on which coercive practices were employed, nor when she and Ramer made payments in response to Defendant's false statements. However, her Statement of Financial Affairs reflects that on October 1, 2022, Defendant repossessed, foreclosed, attached, seized or levied property valued at $3,000,000, described as "Land contiguous and near to residence wrongful taking of funds and land, no underlying debt owed but collection made."[17] She cites emails from Defendant in 2020 which reflect that it knew at the time of its purchase of Ramer's loan and mortgage of the history of Ramer's loan and mortgage and likelihood that the loan was not valid. She cites communications from Defendant (which she alleges were false and part of its predatory practices) which persuaded her and Ramer to sell assets and borrow funds to make payments to Defendant.

---

[16] *In re Cook,* 520 Fed. Appx. 697, 701 (10th Cir. 2013) (quoting *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 795 (D.C. Cir. 2010)).
[17] Case No. 22-80626, Doc. No. 32, page 5.

Defendant's Motion includes the timeline of its collection efforts through court records of a state court foreclosure judgment in 2017, Sheriff's Sale on August 20, 2020, deficiency judgment against Ramer obtained in 2021, a second foreclosure lawsuit against Ramer in 2021, and settlement and release of the deficiency judgment with Ramer as part of his second bankruptcy case, Case No. 22-80346. As set forth in Defendant's Motion, these events occurred prior to November 10, 2022, when Plaintiff commenced her bankruptcy case. In her Objection to the Motion to Dismiss, Plaintiff states that she is the co-owner of foreclosed property and funds wrongfully taken by Defendant, but she does not refute the timeline nor dispute that the claims in her Amended Complaint arose pre-petition and thus are property of the bankruptcy estate. She asks for "time to explore her options on coordination and the legal requirements of having the Trustee as Party" and for leave to file a Second Amended Complaint if necessary. This appears to be a concession that the Trustee is the proper party to pursue the claims against Defendant.

The Trustee has not formally abandoned these claims, which is required for them to be vested in the Plaintiff for her to pursue this action.[18] Further, the Trustee has declined to prosecute these claims as the real party in interest.[19] Thus, based upon the allegations in her Amended Complaint and her failure to refute the Defendant's claims that the actions arose prior to the filing of her bankruptcy case, the Court concludes that Plaintiff has failed to satisfy her burden to establish standing to bring this case. Accordingly, it must be dismissed.

Because Plaintiff has failed to meet this threshold jurisdictional standard, the Court will not address the remaining issues raised by Defendant.

**Order**

---

[18] *See Cook v. Baca,* 512 Fed. Appx. 810, 820 (10th Cir. 2013).
[19] *See* Fed. R. Civ. P. 17, made applicable herein pursuant to Fed. R. Bankr. P. 7017.

For the above and foregoing reasons, the action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Dismiss (Docket No. 11) is **granted,** and this case is hereby **dismissed.**

###